UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CRIMINAL NO. 1:CR-01-295-02 |
| | ) | |
| v. | ) | (Judge Kane) |
| | ) | |
| **RAFAEL PEREZ** | ) | (Electronically Filed) |

### RESPONSE TO MOTION UNDER F.R.C.P. RULE 60(b) TO CORRECT SENTENCE

**I. Procedural History and Facts**

On September 19, 2001, a two-count indictment was filed charging the defendant and a co-defendant with criminal conspiracy to distribute and possess with intent to distribute 50 grams and more of crack cocaine and to distribute crack cocaine within 1,000 feet of a school (Count 1), and distribution and possession with intent to distribute 50 grams and more of crack cocaine within 1,000 feet of a school (Count 2). (Docket Entry 1 and Presentence Investigation Report ¶ 1.)[1]

At his initial appearance on November 14, 2001, the defendant entered a plea of not guilty and Samuel Rivera, Esquire, entered an appearance on his behalf. Trial was scheduled for January 7, 2002. (Doc. 20, 22, 24.)

The defendant filed motions for trial postponement on December 28, 2001; January 23, 2002; February 28, 2002; March 26, 2002; May 30, 2002; and May 31, 2002. Pursuant to the motion filed May 31, 2002, trial was scheduled for July 8, 2002. (Doc. 30, 32, 34, 36,

---

[1] Hereinafter "Doc." and ""PSR."

38, 40, 41.)

On July 8, 2002, the defendant appeared in court and stated that he wished to hire new counsel. The Court directed him to hire new counsel prior to a hearing scheduled for July 17, 2002. (Doc. 42.) The defendant appeared at that hearing represented by Andrew Norfleet, Esquire, and the Court set another hearing for July 30, 2002. (Doc. 45.) On that date, the parties indicated they were ready to proceed to trial and the Court rescheduled trial for September 9, 2002. (Doc. 48.)

On September 9, 2002, the date set for jury selection, defendant told the Court he wished to plead guilty. (Doc. 52.) On September 13, 2002, the government filed a plea agreement and a superseding information. (Doc. 53, 54.) A guilty plea proceeding was held that same date. After a colloquy with the defendant, the Court ordered that he be evaluated by a psychiatrist to determine his competency to plead guilty. (Doc. 55.)

On September 24, 2002, the Court granted Attorney Norfleet's request to be removed from the case and later appointed Lenora Smith, Esquire, counsel for the defendant. (Doc. 59, 84.) On October 31, 2002, the defendant was committed to the federal mental health facility in Butnor, North Carolina, for mental health treatment. (PSR ¶ 3.) On September 10, 2003, the Bureau of Prisons issued a Certification of Restoration of Competency to Stand Trial. (PSR ¶ 4, Doc. 70.)

A plea agreement and Second Superseding Information were filed by the government on October 21, 2003. (Doc. 76, 77.) The plea agreement provided that the government agreed to recommend a two-level downward departure for acceptance of responsibility and agreed not to oppose a reasonable downward departure for the defendant's diminished capacity. (Plea Agreement ¶¶ 11, 12.) On October 21, 2003, the defendant pled guilty to distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841. (PSR ¶ 6.)

The PSR set the defendant's offense level at 32 and recommended a two-point downward departure for acceptance of responsibility. (PSR ¶¶ 22, 28.) Based on a total offense level of 30 and a criminal history category at III, the PSR recommended a custody range of 121-151 months. (PSR ¶ 38, 57.)

On January 30, 2004, counsel for the defendant filed a motion requesting the Court to downwardly depart from the otherwise applicable sentencing guidelines range due to the defendant's diminished capacity. (Doc. 85.)

At a sentencing hearing held February 9, 2004, the Court adopted the factual findings and guideline application of the PSR. (Statement of Reasons 1.) However, the Court departed three offense levels from the recommended range of 121-151 months pursuant to USSG § 5K2.13 due to the defendant's significantly diminished mental capacity. (Statement of Reasons 1, 2.) This resulted in a

guidelines' range of 87-108 months. (Statement of Reasons 2.) The Court then imposed a sentence of 108 months. (Judgment 2, Doc. 87.)

The defendant did not file a direct appeal nor did he file a collateral appeal under 18 U.S.C. § 2255. Rather, on May 23, 2005, the defendant filed a document entitled "Motion Under F.R.C.P. Rule 60(b) to Correct Sentence." (Doc. 92.)

In his motion, the defendant argues that 1) he should have received a three-point downward departure for acceptance of responsibility, rather than a two-point downward departure; 2) he should have received a downward departure for diminished capacity; and 3) he should have received a downward departure for substantial assistance.

On July 26, 2005, the Court entered an order directing the government to reply to the defendant's motion on or before August 15, 2005.

**II.   Issues**

> **A.  Is the defendant entitled to review of his claims under Rule 60 (b) of the Federal Rules of Civil Procedure?**
>
> **B.   Assuming the existence of a procedural mechanism which would permit review by the Court, is there any substantive merit to the defendant's claims?**

**III.  Argument**

> **A. Rule 60 (b) of the Federal Rules of Civil Procedure affords no relief for the defendant.**

Citing no case law in support of his position, the defendant

requests the Court to reduce his sentence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60 (b) provides for relief from a judgment or order in instances of mistakes, inadvertence, excusable neglect, newly discovered evidence and fraud. *See* Fed. R. Civ. P 60 (b). It is a rule of *civil* procedure and, as such, is an inappropriate procedural vehicle to vacate a criminal conviction. *See Salcedo v. United States,* 2003 WL 22137983 (S.D.N.Y. 2003), citing *Gitten v. United States,* 311 F.3d 529 (2nd Cir. 2002).

For this reason alone, the defendant's motion should be denied without a hearing.

Moreover, it is well established that in the absence of a direct appeal, the sole federal remedy available to a convicted defendant seeking to attack his conviction or sentence is a writ of *habeas corpus* filed pursuant to 18 USC § 2255. *United States v. Miller,* 197 F.3d 644, 648 (3rd Cir. 1999), citing *Tedford v. Hepting,* 990 F.2d 745, 748 (3rd Cir. 1993).

However, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires that a § 2255 motion be filed within one year of the date the defendant's conviction becomes final on direct appeal. Since the defendant in the present case did not take a direct appeal, the one-year statute of limitations for purposes of his § 2255 motion began to run 10 days from the date he was sentenced, excluding intermediate Saturdays, Sundays, and federal holidays.

5

*See* 28 USC § 2255; Fed. R. App. P. 4(b)(1)(A).  The defendant was sentenced on February 9, 2004.  Thus, the limitation period for the defendant's § 2255 motion began on February 24, 2004, and ended on February 24, 2005.

Accordingly, even if the defendant had styled his motion as a § 2255 motion, which is the only vehicle available to a convicted defendant who has not filed a direct appeal and is seeking to attack the length of his sentence, his motion would have been barred by the AEDPA limitations.  It would appear that the defendant is attempting to circumvent the AEDPA time limitations imposed on attempts at post-conviction collateral relief by simply renaming what is, in effect, an untimely motion under § 2255.

Neither Rule 60 of the Federal Rules of Civil Procedure nor § 2255 provide him a procedural vehicle for review of his claim and it should be denied without a hearing.

>   **B.  Assuming the existence of a procedural vehicle which would now permit the Court to review the defendant's claims, they have no substantive merit.**

As argued above, neither Fed. R. Civ. P. 60(b) nor § 2255 provide the defendant a procedural vehicle to permit the Court to review the length of his sentence.  However, even assuming the existence of such a vehicle, there is no merit to the substance of his claims.

The defendant states he was entitled to a three-point downward departure for acceptance of responsibility rather than the two-

6

point downward departure recommended by the government and the probation officer and awarded by the Court.

USSG § 3E1.1 (b) provides for an additional one-point decrease upon a government motion stating

> that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently . . .

USSG § 3E1.1.

In the present case, the defendant filed numerous motions for trial postponement and then appeared in court on July 8, 2002, the morning jury selection was to begin and stated he wished to obtain new counsel. This was after jury summons had been mailed, numerous government witnesses both in Pennsylvania and elsewhere had been subpoenaed, and the government was fully prepared to go to trial.[2]

Waiting until the day of trial, or two days before trial, does not constitute timely notice of an intention to plead guilty thereby permitting the government to avoid preparing for trial and the government and the court to allocate their resources efficiently. *See* USSG 3E1.1. Accordingly, the defendant was not

---

[2] Undersigned counsel recalls that she was preparing for trial while vacationing in Maine and received a call on Friday, July 5, 2002, telling her that the defendant was seeking a new attorney and trial would likely be delayed. Counsel does not recall whether the call came from the Court's chambers or defense counsel.

entitled to a three-point downward departure rather than a two-point downward departure for acceptance of responsibility.

The defendant also states that he should have received a downward departure of his diminished capacity under USSG § 5K2.13. As is documented in the Statement of Reasons portion of the Judgment filed in this case, the defendant did receive a three-level downward departure for diminished capacity. Thus, there is no substantive merit to this claim.

Finally, the defendant believes he may have been entitled to a downward departure for providing substantial assistance to the government. Absent a specific agreement, the decision by prosecutor to refuse to recommend a downward departure in sentencing is generally not subject to judicial review. *United States v. Khan,* 920 F.2d 1100 (2nd Cir. 1990). The plea agreement in the present case provided that if the defendant provided substantial assistance to the government, the government may file a motion recommending that the Court downwardly depart from the otherwise applicable sentencing guidelines range. (Plea Agreement ¶ 13.) The defendant did not provide substantial assistance. Accordingly, the government did not file a motion.

**IV.  Conclusion**

    For all these reasons, the defendant's motion should be denied without a hearing.

                                Respectfully submitted,

                                THOMAS A. MARINO
                                United States Attorney

                                <u>s/Christy H. Fawcett</u>
                                CHRISTY H. FAWCETT
                                Assistant U.S. Attorney
                                PA Bar # 35067
                                Christy.Fawcett@usdoj.gov

                                228 Walnut Street, Suite 220
                                P.O. Box 11754
                                Harrisburg, PA 17108
                                Phone: (717) 221-4482
                                Fax: (717) 221-4493

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CRIMINAL NO. 1:CR-01-295-02 |
| | ) | |
| **v.** | ) | (Judge Kane) |
| | ) | |
| **RAFAEL PEREZ** | ) | (Electronically Filed) |

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

    That this 5th day of August 2005, she served a copy of the attached

**RESPONSE TO MOTION UNDER F.R.C.P. RULE 60(b)
TO CORRECT SENTENCE**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

<u>Pro Se</u>

Rafael Perez
Reg. # 10936-067
FCI Fort Dix
P.O. Box 7000
Ft Dix, NJ 08640

                                          <u>s/Christina L. Garber</u>
                                          Christina L. Garber
                                          Legal Assistant