IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL NO. 1:01-CR-295-02 |
| v. | : | |
| | : | (Judge Kane) |
| RAFAEL PEREZ, | : | |
| Defendant | : | |

**ORDER**

Before the Court is Defendant's pro se "Motion to Correct Sentence" under Federal Rules of Civil Procedure 60(b). (Doc. No. 92.) Defendant alleges that he is entitled to a reduced sentence due to his acceptance of responsibility, diminished capacity, and for assistance provided to the government, and moves this Court to amend his sentence accordingly. Id.

Rule 60(b) provides for relief from judgment in a civil proceeding when the moving party is able to demonstrate mistakes, newly discovered evidence, or fraud. Fed. R. Civ. Proc. 60(b).[1] Although entitled "Motion to Correct Sentence" under Rule 60(b), Defendant actually seeks to amend his sentence. The proper avenue to collaterally attack the length of a prisoner's sentence is pursuant to a writ of habeas corpus under § 2255. Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993) (noting that it is "clear that if a prisoner challenges the fact or length of confinement, then his sole federal remedy is a writ of habeas corpus, §§ 28 U.S.C. 2254, 2255") (internal quotations omitted). See also United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (noting that "there is no general right, other than on collateral attack, to challenge a conviction or indictment after the defendant pleads guilty"). Accordingly, the Court has a duty to "look

---

[1] Normally, Rules of Civil Procedure are inapposite in criminal matters. However, Federal Rules of Civil Procedure apply to proceedings under 28 U.S.C. § 2255, which is the proper avenue for the relief requested. Rule 12 – Section 2255 Proceedings, 28 foll. § 2255.

beyond the label of the motion" and liberally construe Defendant's motion under the proper statutory framework. United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (internal citations omitted) (noting that "district courts have 'routinely converted post conviction motions of prisoners who unsuccessfully sought relief under some other provision of law into motions made under 28 U.S.C. § 2255 and proceeded to determine whether the prisoner was entitled to relief under that statute'") (quoting Adams v. United States, 155 F.3d 582, 583 (2d Cir. 1998)). However, even if the Court were to liberally construe Defendant's motion as a motion to amend the sentence under § 2255, the motion must be denied as untimely.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires that a § 2255 motion be filed within one-year of the date that Defendant's conviction became final on direct appeal. 28 U.S.C. § 2255. Defendant was sentenced on February 9, 2004 (Doc. No. 84), after pleading guilty to the charges contained within the superseding indictment (Doc. No. 81). Since Defendant did not take a direct appeal, the one-year statute of limitations began to run ten days from the entry of judgment, excluding intermediate weekends and federal holidays. Id.; Fed. R. App. P. 4(b)(1)(A). Therefore, Defendant was required to have filed his § 2255 motion by February 24, 2005. Since Defendant did not file the instant motion until July 26, 2005, and because this Court finds no basis to equitably toll the limitation period, Defendant's motion is time-barred and must be denied. Accordingly, this 29th day of November, 2005, **IT IS HEREBY ORDERED THAT** Defendant's motion to correct sentence (Doc. No. 92) is **DENIED**.

   S/ Yvette Kane
Yvette Kane
United States District Judge