UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
_____

PEOPLE OF THE STATE OF NEW YORK

        -against-

RAFAEL PEREZ

                Defendant

_____

Ind. No. 1CR295-02

**NOTICE OF MOTION**

| | |
|---|---|
| MOTION BY: | Amelio P. Marino, Esq.<br>Attorneys for Defendant<br><u>Rafael Perez</u> |
| DATE, TIME AND PLACE OF HEARING: | Motion is being submitted without a date to the Honorable Judge Yvette Kane |
| RELIEF REQUESTED: | An Order re-sentencing the defendant and/or an Order reducing the sentence. |
| SUPPORTING PAPERS: | Affirmation of Amelio P. Marino, Esq. dated 3/2/08 and all prior Proceeding and pleadings had herein |
| OPPOSING PAPERS: | If any to be submitted in conformity with the IAS Rules of Justice presiding judge. |

Dated: New York, New York
       March 3, 2008

                                            Yours etc.

                                            MARINO & VENEZIANO, ESQS  
                                            By Amelio P. Marino  
                                            Attorneys for Defendant  
                                            <u>RAFAEL PEREZ</u>  
                                            Office and P.O. Address  
                                            163 West 71st Street  
                                            New York, New York 10023  
                                            (212) 873-7297

To:    Assistant U.S. Attorney  
         Christy Fawcett  
         P.O. Box 11754  
         Room 218  
         Federal Building  
         Harrisberg, Pa. 17108

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Ind. 1:CR01-295-02 |
| Vs. | Judge Kane |
| RAFAEL PEREZ | **AFFIRMATION IN SUPPORT OF APPEAL TO REDUCE DEFENDANT'S SENTENCE** |

I hereby affirm under penalties of perjury to the following:

1. I am an attorney duly admitted to practice law in the Federal District Court of Southern and Eastern District of New York.

2. I represent the Defendant in this Motion to re-sentence this defendant or to reduce the defendant's present sentence pursuant to recent changes in sentences.

3. It is my understanding that under the previous Federal laws, defendant convicted of selling 5 grams of crack face the same five year mandatory sentence as offenders caught selling 500 grams of the powdered cocaine. This 100 to 1 rule is a legacy of the 1980's, when it was erroneously believed that crack was much more dangerous then the chemically identical powder. Congress made crack cocaine the only drug that carries a mandatory minimum sentence for possession even for first time offences. The sentencing commission sets guidelines for federal prison sentences.

   The sentencing commission adopted new guidelines aimed at giving crack cocaine offenders a shot at marginally reducing offenders time in prison.

   Under the new guidelines, each application/motion/petition for early release is to be evaluated by a federal judge in consultation with the authorities. Not all crack offenders are eligible and judges are specifically directed to weigh public safety concerns. Nothing prevents judges from releasing inmates to a halfway facility, where appropriate, to ease the transition back to society and reduce the chances of recidivism. All offenders would still have to serve their mandatory minimum sentence.

   The commission issued its plan but the Supreme Court upheld the discretion of judges to dispense lighter sentences for crack cocaine offenders than those recommended by the federal sentencing guidelines.

4. Based upon my understanding of the above and my understanding of the law as outlined above, I am making this application. The idea of these 2 cases is the test that Federal judges impose sentences sufficient, but not greater than necessary to accomplish the sentencing goals set by congress. In one case there was an extensive discussion over the disparity between crack cocaine sentences and powder cocaine sentences. The Court wrote that it would not be an abuse of discretion for a District Court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence greater than necessary. In addition the guidelines are no longer mandatory.

In the Gall case, the Supreme Court restored broad discretion to district judge by allowing them to impose the sentence they deem most appropriate after considering all of the sentencing factors set forth in 18USC sect. 3553(a). It held that while the guidelines should be "the starting point and the initial benchmark" of a reasonable sentence, the sentencing judge "may not presume that the guidelines range is reasonable". The majority concluded that an app probation sentence imposed by an "experience" district judge was both reasoned and reasonable. The majority also dramatically changed the rules governing appellate reviews of sentences below the guideline range, holding that Circuit Courts may not make a de novo determination about whether the variation from the guideline range was "reasonable", but instead must use a "deferential abuse-of-discretion standard" even when a trial judge sets a punishment below the guideline range.

In Kimbrough, the Supreme Court held that a district judge may consider the crack/powder disparity when sentencing crack cocaine offenders, and impose a below - guidelines sentence if it determines that a within-guidelines is "greater then necessary" to serve the objectives of sentencing set forth at 18U.S.C. sect. 3553 (a). The Court also rejected the Fourth Circuits rationable that a sentence outside the guidelines is "per se unreasonable" because it is based on a disagreement with the crack-powder disparity.

5. According to my understanding of this law this defendant is eligible for the new crack cocaine amendments by adding guideline amendment 706 to the list of provisions specified in U.S. s.g. sect 1B1.10 that are entitled to retroactive treatment which take affect on March 3, 2008. It is also our position that the defendant may be eligible to be re-sentenced since the mandatory guidelines are no longer constitutional.

We are urging this Court to consider this defendant eligibility a lower sentence. I have attached the defendant's probation repeat to indicate to this Court that this defendant would not pose a danger to public safety.

**WHEREFORE,** we are respectfully requesting that this application/appeal for a reduced sentence be granted in all respects.

Dated: New York, New York
       February 18, 2008

                                                  Respectfully,

                                                  _____
                                                  Amelio P. Marino

                                                  Marino & Veneziano
                                                  163 West 71 Street
                                                  New York, New York 10023
                                                  (212) 873-7297

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
_____
PEOPLE OF THE STATE OF NEW YORK

       -against-

RAFAEL PEREZ

               Defendant

_____

Ind. No. 1CR295-02

**NOTICE OF MOTION**

| | |
|---|---|
| MOTION BY: | Amelio P. Marino, Esq.<br>Attorneys for Defendant<br>Rafael Perez |
| DATE, TIME AND PLACE OF HEARING: | Motion is being submitted without a date to the Honorable Judge Yvette Kane |
| RELIEF REQUESTED: | An Order re-sentencing the defendant and/or an Order reducing the sentence. |
| SUPPORTING PAPERS: | Affirmation of Amelio P. Marino, Esq. dated 3/2/08 and all prior Proceeding and pleadings had herein |
| OPPOSING PAPERS: | If any to be submitted in conformity with the IAS Rules of Justice presiding judge. |

Dated: New York, New York
      March 3, 2008

          Yours etc.

          MARINO & VENEZIANO, ESQS
          By Amelio P. Marino
          Attorneys for Defendant
          <u>RAFAEL PEREZ</u>
          Office and P.O. Address
          163 West 71st Street
          New York, New York 10023
          (212) 873-7297

To:    Assistant U.S. Attorney
        Christy Fawcett
        P.O. Box 11754
        Room 218
        Federal Building
        Harrisberg, Pa. 17108

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

Vs.

RAFAEL PEREZ

Ind. 1:CR01-295-02
Judge Kane

**AFFIRMATION IN SUPPORT OF APPEAL TO REDUCE DEFENDANT'S SENTENCE**

I hereby affirm under penalties of perjury to the following:

1. I am an attorney duly admitted to practice law in the Federal District Court of Southern and Eastern District of New York.

2. I represent the Defendant in this Motion to re-sentence this defendant or to reduce the defendant's present sentence pursuant to recent changes in sentences.

3. It is my understanding that under the previous Federal laws, defendant convicted of selling 5 grams of crack face the same five year mandatory sentence as offenders caught selling 500 grams of the powdered cocaine. This 100 to 1 rule is a legacy of the 1980's, when it was erroneously believed that crack was much more dangerous then the chemically identical powder. Congress made crack cocaine the only drug that carries a mandatory minimum sentence for possession even for first time offences. The sentencing commission sets guidelines for federal prison sentences.

   The sentencing commission adopted new guidelines aimed at giving crack cocaine offenders a shot at marginally reducing offenders time in prison.

   Under the new guidelines, each application/motion/petition for early release is to be evaluated by a federal judge in consultation with the authorities. Not all crack offenders are eligible and judges are specifically directed to weigh public safety concerns. Nothing prevents judges from releasing inmates to a halfway facility, where appropriate, to ease the transition back to society and reduce the chances of recidivism. All offenders would still have to serve their mandatory minimum sentence.

   The commission issued its plan but the Supreme Court upheld the discretion of judges to dispense lighter sentences for crack cocaine offenders than those recommended by the federal sentencing guidelines.

4.  Based upon my understanding of the above and my understanding of the law as outlined above, I am making this application.  The idea of these 2 cases is the test that Federal judges impose sentences sufficient, but not greater than necessary to accomplish the sentencing goals set by congress.  In one case there was an extensive discussion over the disparity between crack cocaine sentences and powder cocaine sentences.  The Court wrote that it would not be an abuse of discretion for a District Court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence greater than necessary.  In addition the guidelines are no longer mandatory.

    In the Gall case, the Supreme Court restored broad discretion to district judge by allowing them to impose the sentence they deem most appropriate after considering all of the sentencing factors set forth in 18USC sect. 3553(a).  It held that while the guidelines should be "the starting point and the initial benchmark" of a reasonable sentence, the sentencing judge "may not presume that the guidelines range is reasonable".  The majority concluded that an app probation sentence imposed by an "experience" district judge was both reasoned and reasonable.  The majority also dramatically changed the rules governing appellate reviews of sentences below the guideline range, holding that Circuit Courts may not make a de novo determination about whether the variation from the guideline range was "reasonable", but instead must use a "deferential abuse-of-discretion standard" even when a trial judge sets a punishment below the guideline range.

    In Kimbrough, the Supreme Court held that a district judge may consider the crack/powder disparity when sentencing crack cocaine offenders, and impose a below - guidelines sentence if it determines that a within-guidelines is "greater then necessary" to serve the objectives of sentencing set forth at 18U.S.C. sect. 3553 (a).  The Court also rejected the Fourth Circuits rationable that a sentence outside the guidelines is "per se unreasonable" because it is based on a disagreement with the crack-powder disparity.

5.  According to my understanding of this law this defendant is eligible for the new crack cocaine amendments by adding guideline amendment 706 to the list of provisions specified in U.S. s.g. sect 1B1.10 that are entitled to retroactive treatment which take affect on March 3, 2008.  It is also our position that the defendant may be eligible to be re-sentenced since the mandatory guidelines are no longer constitutional.

    We are urging this Court to consider this defendant eligibility a lower sentence.  I have attached the defendant's probation repeat to indicate to this Court that this defendant would not pose a danger to public safety.

    **WHEREFORE,** we are respectfully requesting that this application/appeal for a reduced sentence be granted in all respects.

Dated: New York, New York
      February 18, 2008

                                        Respectfully,

                                        _____
                                        Amelio P. Marino

                                        Marino & Veneziano
                                        163 West 71 Street
                                        New York, New York 10023
                                        (212) 873-7297